USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:   8/16/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                                              :
BRANDI SIMMONS,                                               :          09 Civ. 9598 (WHP)
                                                              :
                              Plaintiff,                      :          MEMORANDUM & ORDER
                                                              :
            -against-                                         :
                                                              :
DORA SCHRIRO, *Commissioner of the*                          :
*New York City Department of Corrections*,                    :
et ano.,                                                      :
                              Defendants.                     :
                                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se Brandi Simmons ("Simmons") brings this federal civil rights

action against Defendants Dora Schriro, Commissioner of the New York City Department of

Corrections (the "DOC"), and Joandrea Davis, Warden of the George Motchan Detention Center

("GMDC"), arising from a slip-and-fall incident on Riker's Island. Defendants move to dismiss

the Amended Complaint ("Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a

claim. For the following reasons, Defendants' motion is granted.


BACKGROUND

Simmons was an inmate at GMDC on Riker's Island in New York City.

(Amended Complaint dated April 15, 2010 ("Compl.") ¶ II.A.) The Complaint does not specify

whether he was incarcerated as a pre-trial detainee or a convicted felon.

On October 16, 2009, Simmons slipped in a puddle of water and fell outside

GMDC's shower area, sustaining injuries to his head, neck and back. (Compl. ¶ II.D.) As a

result, Simmons lost sensation in his legs for several hours. (Compl. ¶ III.) GMDC medical staff

were notified of the incident, although the Complaint does not state whether Simmons received

medical treatment. (Compl. ¶ II.D.)

According to the Complaint, the puddle formed from a broken pipe that had been

leaking for more than ten years. (Compl. ¶ II.D.) While work orders had been issued to fix the

pipe, it was never repaired. (Compl. ¶ II.D.) Simmons alleges that the DOC was grossly

negligent in failing to repair the pipe.


DISCUSSION

I.   Legal Standard

On a motion to dismiss, a court accepts a complaint's allegations as true and

draws all reasonable inferences in the plaintiff's favor. ECA & Local 134 IBEW Joint Pension

Trust of Chicago v. JP Morgan Chase Co., 553 F.3d 187, 196 (2d Cir. 2009). "To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)

(quotations omitted). "A claim has facial plausibility when the pleaded factual content allows

the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 129 S. Ct. at 1940. Indeed, a complaint's factual allegations must permit a court

"to infer more than the mere possibility of misconduct." Iqbal, 129 S. Ct. at 1950.

Although Simmons did not submit any opposition papers on Defendants' motion,

the failure to oppose a motion to dismiss does not, by itself, merit dismissal of the complaint.

McCall v. Pataki, 232 F.3d 321, 322 (2d Cir. 2000). Rather, "the sufficiency of a complaint is a

matter of law that the court is capable of determining based on its own reading of the pleading

and knowledge of the law." McCall, 232 F.3d at 322-23. Moreover, because Simmons is

2

proceeding pro se, this Court construes his complaint liberally and interprets it to raise the

strongest arguments it suggests.  Weixel v. Bd. of Educ. of City of N.Y., 287 F.3d 138, 146 (2d

Cir. 2002); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating that a pro se litigant's

submissions are held to "less stringent standards than [those] drafted by lawyers").


II.  Section 1983 Claim

              While the Complaint fails to specify whether Simmons was a convicted felon or a

pretrial detainee at the time of the incident, intolerable conditions claims by either category of

inmate are subject to the same standard.  See Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir.

2009).  To state a claim based on intolerable prison conditions, an inmate must show "deliberate

indifference" to a substantial risk of serious harm.  Farmer v. Brennan, 511 U.S. 825, 828 (1994).

This claim includes both an objective and subjective prong: "(1) the plaintiff [must be] subjected

to conditions posing a substantial risk of serious harm, and (2) the prison officials knew of and

disregarded the risk by failing to take reasonable measure[s] to abate the harm."  Walker v.

Shaw, No. 08 Civ. 10043 (CM), 2010 WL 2541711, at *8 (S.D.N.Y. Jun. 23, 2010) (citing

Hayes v. N.Y. City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996)); see also Farmer, 511 U.S. at

847 ("[A] prison official may be held liable . . . for denying humane conditions of confinement

only if he knows that inmates face a substantial risk of serious harm and disregards that risk by

failing to take reasonable measures to abate it.").  It is not enough to allege mere negligence—

"[l]iability for negligently inflicted harm is categorically beneath the constitutional due process

threshold."  Ctny. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (citations omitted).

              Even construing the Complaint liberally, it fails to allege facts sufficient to state

an intolerable conditions claim.  It is well established that a slippery floor does not pose a

substantial risk of serious harm. See Covington v. Westchester Ctny. Dep't of Corr., No. 06 Civ. 5369 (WHP), 2010 WL 572125, at *8 (S.D.N.Y. Jan. 25, 2010) (holding that a puddle on the floor of a prisoner's cell did not meet the objective prong of the deliberate indifference standard); Davis v. Reilly, 324 F. Supp. 2d 361, 368 (E.D.N.Y. 2004) (finding that a correctional facility's failure to provide shower mats on a slippery floor did not rise to the level of a constitutional violation). Moreover, even assuming GMDC was aware of the leaking pipe for ten years, the failure to repair it, at best, gives rise to a claim of negligence. See Edwards v. City of N.Y., No. 08 Civ. 5787 (PGG), 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) (dismissing § 1983 slip-and-fall claim where a prison warden was aware of, but failed to address, a wet floor); Jennings v. Horn, No. 05 Civ. 9435 (SAS), 2007 WL 2265574, at *5 (S.D.N.Y. Aug. 7, 2007) ("[S]lippery prison floors, at best, pose a claim of negligence, which is not actionable under the United States Constitution."); Sylla v. City of N.Y., No. 04 Civ. 5692 (ILG), 2005 WL 3336460, at *3-4 (E.D.N.Y. Dec. 8, 2005) (holding that a corrections officer's instruction to use a bathroom which he knew was flooded did not rise above mere negligence). Accordingly, because the facts alleged do not satisfy the elements of an intolerable conditions claim, the Complaint cannot survive a motion to dismiss. Moreover, it is clear on these facts that any attempt to amend the Complaint would be futile. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

4

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the Amended

Complaint is granted with prejudice.  The Clerk of the Court is directed to terminate all pending

motions and mark this case as closed.

Dated:  August 16, 2010
        New York, New York

SO ORDERED:


_____
WILLIAM H. PAULEY III
U.S.D.J.


*Copies mailed to*:

Brandi Simmons
2325 Morris Avenue
Apt #2F
Bronx, NY 10468
*Plaintiff Pro Se*

Abigail Goldenberg, Esq.
New York City Law Department
100 Church Street
New York, NY 10007
*Counsel for Defendants*